The opinion of the Court was delivered at May term 1823, by
Wilde J.
The defendants object to the plaintiff’s right to recover for his professional services, on the ground that he has never been licensed to practise, according to the provisions of the statute of 1817, c. 131, or the additional act of 1818, c. 113. By the first statute it is enacted, that no person shall recover fees, &c., who shall commence practice after the 1st of July 1818, without a degree or license. The plaintiff finished his studies in December 1818, and was never licensed under that act, and, if it had continued in force, he could not now recover. The excuse given for his not being examined in compliance with the requisitions of the statute is insufficient; there is nothing in the act to confine him to the county where he studied, and he might be examined and licensed by examiners in any other county. By the additional act, no person entering the practice of physic or surgery after the first day of July 1819 shall be entitled to recover any debt or fee accruing for his professional services, unless he shall, previously to rendering those services, have been licensed by the officers of the Massachusetts Medical Society, or shall have been graduated a doctor in medicine in Harvard University.
All matters and clauses in the former act “ which are contrary to the provisions of this act” are repealed. This act passed in February 1819. And the plaintiff’s counsel contend, that the repealing clause took effect immediately, so that the plaintiff might lawfully practise in the interval between February and July, and would not come within the provisions of either act. There is, however, nothing inconsistent or contradictory *37 in allowing the first act to operate till July 1819, as to the licenses to practitioners.
If the plaintiff commenced practice at any time between •July 1818 and July 1819, he comes within the prohibition of the first aci; if after the 1st of July 1819, he comes within the second. The legislature did not mean, by the second act, that one who had disregarded the existing law, by commencing practice without a license, should be in as good a situation as those who had complied with it. The prohibitions in the first act continued until the 1st of July, for they were not until then inconsistent with the new provisions. These were intended merely to alter the mode of examination, and some of the qualifications, to make some additional regulations for the same object, and with the same general intent, as in the first.
If this is the law, it is unimportant to inquire, why the plaintiff was not licensed in compliance with the first act. Whatever was the reason, he might probably, if duly qualified, have been licensed under the second.
If he had occasionally practised in the manner he seems to have' done, it might be considered as part of his education, and not as a regular commencing of practice. If he were in other respects entitled to a license, it would be no objection to him, that, after his regular course of study, he had spent six or twelve months with his former instructor, in acquiring practical knowledge and experience in his profession.
The statutes must apply to practitioners living without the State, as well as to those within it; there is no prohibition to foreigners to practise here, but they must comply with the laws here, or our courts cannot aid them in recovering their fees.
We cannot adopt the plaintiff’s construction of these statutes, especially that of the last. We do not think its operation is confined to practitioners settled within the State. The words of the act will well bear a more extensive meaning, and we cannot suppose that the legislature intended to deprive our own citizens of a privilege allowed to the citizens of the neighbouring States. The object of the act was to guard against the evil effects to be apprehended from the practices of ignorant and unskilful practitioners. This purpose cannot be completely *38 obtained, if those ol this description, if any such there be, on the borders of the Commonwealth, may be permitted to practise within its limits. If it is convenient for the plaintiff, or any other respectable physician living in an adjoining State, to extend his practice within this Commonwealth, there is a provision in the last act in conformity to which he may obtain a license for so doing. The construction contended for by the plaintiff’s counsel, would leave our citizens near the borders of the State exposed to all the evils from which it was unquestionably the intention of the legislature to relieve them.
As to the other point, of the medicines sold and administered, the question is not regularly before us. We can receive no evidence of what passed at the trial in the Court of Common Pleas, except from the report of the judge who tried the cause. By his report, it does not appear that the point was raised and overruled. If evidence had been offered to this point at tile trial, the defendants might have proved that no medicines were administered, or that they had been paid for, or other grounds of defence, which, as the cause was conducted, they were not called on to produce.
This principle is fully discussed and properly settled m Beekman v. Frost, 18 Johns. Rep. 544. The rule is confined to such objections as might, if made below, have been obviated by amendment or proof. The case at bar falls within the latter branch of this rule ; if it were not observed, it would be to make this the court of original, instead of appellate jurisdiction.

Judgment of the Court of Common Pleas affirmed.